# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                     Case No.: 8:19-cr-404-WFJ-SPF

ENRIQUE MANTILLA-OLAYA
_____/

## ORDER

Citing Amendment 821 to the United States Sentencing Guidelines, Enrique Mantilla-Olaya, USM#: 72647-018, moves (Dkt. 269) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what circumstances and by what amount the sentences of prisoners serving terms of

imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On November 10, 2020, Enrique Mantilla-Olaya, the master of the vessel, was sentenced to 168 months under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) for conspiracy to distribute and to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. Dkt. 127. Enrique Mantilla-Olaya's total offense level was 35. Dkt. S-120 at 8, 14. He was assessed no criminal history points, and his criminal history was category I. *Id.* The offense carried a ten-year mandatory minimum sentence, and Defendant's advisory guideline range was 168 to 210 months. Dkt. S-120 at 14. Defendant received the benefit of the safety valve. Dkt. S-128 at 1. The Court did not depart or vary from this guideline range

because of the "seriousness of the offense and the nature and circumstances of the offense." S-Dkt. 128 at 2. The Bureau of Prisons online locator shows that his projected release is August 9, 2030.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Enrique Mantilla-Olaya is eligible for a sentence reduction and reporting that a two-level decrease based on Amendment 821 reduces the offense level to 33 and reduces his advisory sentencing range to 135–168 months. Dkt. S-257 at 2. The USPO recommends a 135-month prison sentence. *Id.* at 3.

The Federal Defender appears, confirms Mr. Mantilla-Olaya's eligibility for a reduction, agrees with the USPO, and moves unopposed to reduce his sentence to 135 months (a 33-month reduction in sentence), which is the bottom of the amended guidelines range. Dkt. 269. In considering whether to grant a sentence reduction at the low end of the amended guideline range, the Court considers the sentencing factors in 18 U.S.C. § 3553(a), as well as the public safety aspect and post-sentencing conduct. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii) (iii); *Dillon v. United*

*States*, 560 U.S. 817, 827 (2010).  For the following reasons, the Court finds these factors weigh against a reduction.

18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense.  Defendant Mantilla-Olaya served as the master of the semi-propelled semi-submersible ("SPSS") vessel interdicted by the Coast Guard about 140 nautical miles west of Colombia.  Dkt. 51 at 20; Dkt. S-120 ¶¶ 14–16.  After conducting a destructive search, 500 kilograms of cocaine was seized before the vessel was deemed unsafe.  Dkt. 51 at 21; Dkt. S-120 ¶ 19.  Defendant admitted that before the Coast Guard sunk the vessel, the boarding team observed contraband "stacked three bales high, six bales wide, going back approximately 25 feet in length, weighing an estimated 5,000–8,000 kilograms."  Dkt. 51 at 21–22; Dkt. S-120 ¶ 20.  The converted street value of this cocaine was worth $150 to $240 million.  Dkt. 125 at 11; Dkt. S-208 at 39, 43.

With respect to post-sentencing conduct, the Federal Defender cites Defendant's unblemished disciplinary history and over 300 hours of educational classes completed, 228 toward his GED.  Dkt. 269 at 3–5; Dkt. S-257 at 3.  The Federal Defender also argues that the SPSS did not take evasive action, the crew did not obstruct the Coast Guard investigation, and the Defendant is not a threat to public safety.  The Court finds that Defendant's admirable post-sentencing conduct and his lack of evasive conduct during the interdiction does not tip the scale in his

4

favor under the § 3553(a) factors in this massive "bust" of five and one-half to eight and three-quarter tons of cocaine. Dkt. 254 at 8–9 ("video of the Coast Guard jumping on top of this submersible and taking these individuals out of it" aired on national news). Neither is a reduction warranted for Defendant's involvement as master of the ship in a drug smuggling venture of this magnitude because the nature and seriousness of this offense poses a danger to the community.

Defendant received a sentence based on the seriousness and the nature and circumstances of the offense. Dkt. S-128 at 2. This has not changed, and Defendant received the just and proper sentence as master of the vessel. To reduce this sentence further would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See* 18 U.S.C. § 3553(a)(2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (*see id.* at (a)(2)(B)) and deterrence would be impaired by this proposed reduction. Finally, Defendant is a Colombian citizen with an unresolved ICE detainer.

Mr. Enrique Mantilla-Olaya's motion (Dkt. 269) for a reduction in sentence is **DENIED**. His sentence remains unchanged.

**DONE AND ORDERED** at Tampa, Florida on October 29, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE